UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                            :
UNITED STATES OF AMERICA                    :
                                            :
            - v. -                          :        07 Cr. 843 (DC)
                                            :
RAFAEL JIMENEZ,                             :
                                            :
                        Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
            of America


JESSICA A. MASELLA
NICHOLAS S. GOLDIN
Assistant United States Attorneys
        - Of Counsel -

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

**Table of Contents**

**Req. No.**                                                                                                    **Page**

1.      General Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.      The Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3.      Count One: Narcotics Conspiracy
        General Instructions (21 U.S.C. § 846) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4.      Count One:  Narcotics Conspiracy
        Elements of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5.      Count One:  Narcotics Conspiracy
        First Element - Existence of the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6.      Count One:  Narcotics Conspiracy
        First Element - "Distribute," "Possession," and "Intent to Distribute" . . . . . . . . 10

7.      Count One:  Narcotics Conspiracy
        Second Element - Membership in the Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . 13

8.      Count One:  Narcotics Conspiracy
        Conscious Avoidance [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

9.      Count One:  Narcotics Conspiracy
        Overt Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

10.     Count One:  Narcotics Conspiracy
        Time of Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

11.     Count One:  Special Interrogatory on Drug Quantity . . . . . . . . . . . . . . . . . . . . . . . . 21

12.     Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

13.     Stipulations of Fact . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

14.     Stipulations of Testimony [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

15.     Expert Testimony [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

16.     Particular Investigative Techniques Not Required [If Applicable] . . . . . . . . . . . . . . 28

17.     Use of Evidence Obtained Pursuant to Search . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

18.     Use of Confidential Informants and Cooperating Witnesses . . . . . . . . . . . . . . . . . . . . . 30

19.     Use of Recordings and Transcripts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

20.     Acts and Statements of Co-Conspirators . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

21.     Persons Not on Trial or Not Indicted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

22.     Law Enforcement Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

23.     Limiting Instruction - Similar Act Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

24.     Preparation of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

25.     Uncalled Witness - Equally Available to Both Sides [If Applicable] . . . . . . . . . . . . . . 41

26.     Defendant's Testimony [Requested Only if Defendant Testifies] . . . . . . . . . . . . . . . . . 42

27.     Defendant's Right not to Testify [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

28.     Consciousness of Guilt - False Exculpatory Statements . . . . . . . . . . . . . . . . . . . . . . . . 44

29.     Sympathy: Oath as Jurors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

30.     Punishment not to be Considered by the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

**Request No. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

     a.      Functions of Court and Jury.

     b.      Indictment is not Evidence.

     c.      Statements of Court and Counsel are not Evidence.

     d.      Rulings on Evidence and Objections.

     e.      Burden of Proof and Presumption of Innocence.

     f.      Proof Beyond a Reasonable Doubt.

     g.      Government Treated Like Any Other Party.

     h.      Definitions, Explanations and Examples of Direct and Circumstantial Evidence.

     i.      Credibility of Witnesses.

     j.      Right to See Exhibits and Have Testimony Read During Deliberations.

     k.      Quality, Not Quantity of Evidence

     l.      Punishment Is Not To Be Considered by the Jury.

     m.      Verdict of Guilt or Innocence Must be Unanimous.

**Request No. 2**

**The Indictment**

The defendant, RAFAEL JIMENEZ, is formally charged in an Indictment.  The Indictment in this case contains one count or charge.  Before you begin your deliberations, you will be provided with a copy of the Indictment.  I remind you again that the Indictment in this case is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.  In reaching your determination of whether the Government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.  The defendant is not charged with committing any crimes other than the offense contained in the Indictment.

I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offense charged in the Indictment and then explain in detail the elements of that offense.

**Request No. 3**

**Count One:  Narcotics Conspiracy -
General Instructions (21 U.S.C. § 846)**

Count One of the Indictment charges RAFAEL JIMENEZ with participating in a

conspiracy to violate the narcotics laws of the United States.   Count One charges, and I am

reading now from the Indictment, that:

*[The Court is respectfully requested to read Count One of the Indictment, up to*

*the overt acts.]*

The Indictment also lists overt acts that are alleged to have been committed in furtherance of the

conspiracy, as well as the particular statute alleged to have been violated.

A conspiracy is a kind of criminal partnership -- an agreement of two or more

persons to join together to accomplish some unlawful purpose.

A conspiracy to commit a crime is an entirely separate and distinct offense from

the substantive crimes that are the objectives of the conspiracy.  The essence of the crime of

conspiracy is an agreement or understanding to violate other laws.  Thus, if a conspiracy exists,

even if it should fail in its purpose, it is still punishable as a crime.  Indeed, you may find a

defendant guilty of the crime of conspiracy to violate the federal narcotics laws even if you find

that the substantive crime which was the object of the conspiracy -- here, distribution and

possession with intent to distribute cocaine -- was never actually committed.

> Adapted from the charges of the Honorable Michael B. Mukasey in
> United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000), and
> the Honorable Colleen McMahon in United States v. Watson, S1 03
> Cr. 136 (CM) (S.D.N.Y. 2003).

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the
> essence of conspiracy is the agreement and not the commission of the

3

substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**Request No. 4**

**Count One: Narcotics Conspiracy**
**Elements of the Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in Count One.  In other words, the Government must prove that there was, in fact, an agreement or understanding to violate those provisions of the law which make it illegal to distribute narcotics, or possess narcotics with the intent to distribute them.

Therefore, the first question for you on Count One is:  Did the conspiracy alleged in Count One of the Indictment exist?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy.  That is, the Government must prove that RAFAEL JIMENEZ associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute cocaine.

Now let us separately consider the two elements.  First, the existence of the conspiracy; and second, whether the defendant knowingly associated himself with, and participated in, the conspiracy.

> Adapted from the charges of the Honorable John G. Koeltl in United States v. Alvarado-Matriller, 94 Cr. 723 (JGK) (S.D.N.Y. 1995), and the Honorable Harold Baer in United States v. Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).
>
> The Government notes that under Section 846, it is not necessary for the Government to allege or prove even one overt act.  See United States v. Shabani, 115 S.Ct. 382, 385 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of

section 846 conspiracy); <u>United</u> <u>States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United</u> <u>States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir.), <u>cert</u>. denied, 439 U.S. 986 (1978); <u>United</u> <u>States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975), <u>cert</u>. <u>denied</u>, 425 U.S. 970 (1976).

**Request No. 5**

**Count One: Narcotics Conspiracy**
**First Element – Existence of the Conspiracy**

The first element that the Government must prove beyond a reasonable doubt is the existence of the conspiracy alleged in the Indictment. In this case, the unlawful purposes alleged to be the objects of the conspiracy in Count One are distribution of cocaine and possession of cocaine with the intent to distribute it.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law. The conspiracy alleged in Count One is the agreement to distribute cocaine, and the agreement to possess cocaine with the intent to distribute it. It is an entirely distinct and separate offense from the actual distribution of cocaine or the actual possession of cocaine with the intent to distribute it.

A conspiracy has sometimes been called a partnership for criminal purposes in which each partner becomes the agent of every other partner. However, to establish a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law, setting forth means by which it was to be carried out or the part to be played by each co-conspirator. Indeed, it would be extraordinary if there was such a formal document or specific agreement.

From its very nature, a conspiracy is almost always characterized by secrecy, which makes detection difficult. It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law. Express

7

language or specific words are not required to indicate agreement to, or membership in, a conspiracy.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may judge the acts and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The adage "actions speak louder than words" applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken together and in connection with the reasonable inferences that flow from them, those acts may show a criminal agreement as satisfactorily and conclusively as more direct proof.

So, you must first determine whether or not the proof established beyond a reasonable doubt that the conspiracy charged in the Indictment exists. In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from that conduct and those statements. If upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more alleged conspirators met, that is, that they had an understanding to work together to accomplish the objectives of the conspiracy charged in the Indictment, then proof of the existence of the conspiracy is established.

Object of Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. The Indictment here charges that the conspiracy had two objects: the distribution, and the possession with the intent to distribute, cocaine. I instruct you that with respect to this Count, the Government need not prove both of the objects charged beyond a reasonable doubt. Therefore, an agreement to distribute, or possess with the intent to distribute, cocaine is sufficient. However, if you do not find beyond a reasonable doubt that both of the objects were proven, you must be unanimous as to the object you do find. That is, you must all be in agreement with respect to at least one of the alleged objects of the conspiracy charged in Count One.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), from the charge of the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000), and from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); see also Sand et al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-13.

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991); see also United States v. Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**Request No. 6**

**Count One: Narcotics Conspiracy**
**First Element - "Distribute," "Possession,"**
**and "Intent to Distribute"**

There are some words that I need to define for you.

"Distribution"

The word "distribute" means the actual, constructive, or attempted transfer of a controlled substance. To "distribute" simply means to deliver, to pass on, to hand over something to another person, or to cause something to be delivered, passed on, or handed over to another person. Distribution does not require a sale.

Activities in furtherance of the ultimate transfer of a controlled substance, such as vouching for the quality of the controlled substance, negotiating for or receiving the price, and supplying or delivering the controlled substance may constitute distribution.

"Possession"

"Possession" means having custody or control over an object. The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. A person need not have actual, physical possession – that is, physical custody of an object – in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then he is in possession of that article. This is called "constructive possession."

10

Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item, and another person who has actual physical custody. The person having control "possesses" the narcotics because he has an effective working relationship with the person who has physical custody of the narcotics and can direct the movement or transfer of the narcotics. In addition, an individual may have possession of an item that is not found on his person, because that individual has a relationship to the location where the item is maintained. More than one person can have control over the same narcotics. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, whether actual or constructive, then possession is joint.

Possession cannot be found solely on the ground that the defendant was near the drugs. However, you may consider this factor in connection with all the other evidence in making your decision as to whether the defendant possessed the drugs.

Now, let me give you some examples of possession. I have a pen in my hand. There should be no doubt in your mind that I physically possess the pen.

Another example: Let's say I brought in some candy today and left it on my law clerk's desk. I do not physically possess the candy but I do have control over it. My law clerk also has control over it. I can be said to "possess" the candy jointly with my law clerk.

One more example: Say I have a watch now sitting in a safety deposit box. Say also that my spouse and I are the only people who can get into that box. Do we have possession of the watch? Yes, we have possession of it, even though it's in a safety deposit box.

11

<u>"Possession with Intent to Distribute"</u>

Possession "with intent to distribute" simply means that the person who possessed the controlled substance had as his purpose "distributing" it to another person or persons. As I explained, to "distribute" means simply to transfer to another.

Often it is possible to determine whether someone had an "intent to distribute" from the quantity of drugs that were possessed, although the possession of a large quantity of narcotics alone does not necessarily mean that an individual intended to distribute them.

Remember, as I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the substantive crime that is the object of the conspiracy, is not required. The offense alleged here is simply the conspiracy, or agreement, to distribute or possess with the intent to distribute cocaine.

Again, with respect to Count One, if you find that the conspiracy, if you have found one to exist, had either of the charged objectives – namely, distribution of cocaine or possession of cocaine with intent to distribute it – the illegal purpose element will be satisfied. However, you must be unanimous as to the objective. That is, you all must be in agreement with respect to at least one of the two alleged objectives of the conspiracy.

> Adapted from the charges of the Honorable Colleen McMahon in <u>United States</u> v. <u>Watson</u>, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003); the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Martinez</u>, 00 Cr. 304 (MBM) (S.D.N.Y. 2000); the Honorable John G. Koeltl in <u>United States</u> v. <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995); the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and the Honorable John M. Walker in <u>United States</u> v. <u>Torres</u>, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), <u>aff'd</u>, 901 F.2d 205, 221, 243-44 (2d Cir.) (specifically approving charge on possession). <u>See also</u> Sand <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, Instr. 56-9, 56-12, 56-13, and 56-17.

**Request No. 7**

**Count One: Narcotics Conspiracy**
**Second Element - Membership in the Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question:  Whether the defendant, individually, was a member of that conspiracy.  To determine whether the defendant became a member of the conspiracy, you must determine not only whether he joined in it, but whether he did so knowingly, that is, with an awareness of at least some of its unlawful aims and purposes; with respect to the defendant, you must conclude both of these things beyond a reasonable doubt.

The word "unlawfully" simply means something that the law forbids.

A person acts "knowingly" and "intentionally" if he acts deliberately and purposely; that is, the acts of the defendant must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or negligence, or some other innocent reason.

Knowledge exists in the mind.  But we do not have a way of looking into a person's mind and knowing what that person is thinking.  Thus, knowledge is rarely proved by direct evidence.  Instead, it is a matter of inference, to be determined by examination of the surrounding facts and circumstances, such as evidence of certain acts and conversations alleged to have taken place with the defendant, regarding the defendant, or in his presence.   With respect to the defendant, the Government must also prove that he, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the conspiracy

13

for the purpose of furthering an illegal undertaking.   Intent, like knowledge, is rarely proved by direct evidence, but must be inferred from all the facts and circumstances of the case.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  And a single act may be enough to bring the defendant within the membership of the conspiracy, provided that he was aware of the conspiracy and knowingly associated himself with its criminal aims.

Merely associating with a member of a conspiracy does not make someone a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  In other words, knowledge without agreement and participation is not sufficient.  With respect to the defendant, you must find beyond a reasonable doubt that he participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

It is not necessary that a defendant receive or anticipate any financial benefit from his participation in the conspiracy, so long as the defendant participated in it in the way I have explained.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of his guilt.  A defendant need not have joined the conspiracy at its beginning.  He may have joined at any time in its progress, and he will still be held responsible

14

for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct acts. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires.

In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

Even if the defendant participated in the conspiracy to a degree more limited than that of another co-conspirator, the defendant is equally culpable so long as he was at any time during that period a co-conspirator.

> Adapted from the charges of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000), and the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand, Modern Federal Jury Instructions, Instr. 19-6 and 56-18, and from United States v. Townsend, 987 F.2d 927 (2d Cir. 1993) (defining "intentionally").

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."). See also United States v. Miranda-Ortiz, 926

15

F.2d 172, 175-76 (2d Cir.) (generally discussing proof required to
show membership in conspiracy), <u>cert</u>. <u>denied</u>, 112 S. Ct. 347 (1991);
<u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990)
(same), <u>cert</u>. <u>denied</u>, 111 S. Ct. 2858 (1991).

16

**Request No. 8**

**Count One: Narcotics Conspiracy**
**Conscious Avoidance**
**[If Applicable]**

In your consideration of whether the defendant acted knowingly with respect to the objectives of the conspiracy charged in Count One of the Indictment, you may consider whether he deliberately closed his eyes to what otherwise would have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning the truth, then the requirement that he have acted knowingly may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken.

One may not willfully and intentionally remain ignorant of a fact material and important to his conduct to escape the consequences of the criminal law. If you find beyond a reasonable doubt that the defendant intentionally participated in the conspiracy, but that the defendant deliberately and consciously avoided confirming certain facts about the specific objectives of the conspiracy, then such "conscious avoidance" may support a finding that the Government has proven the defendant's knowledge of the objectives or goals of the conspiracy.

Keep in mind that you cannot rely on conscious avoidance to support a finding that the defendant intentionally joined the conspiracy. Conscious avoidance may apply only to the defendant's knowledge of the specific objectives of the conspiracy, not to whether the defendant joined the conspiracy in the first place. It is logically impossible for the defendant to intend and agree to join a conspiracy if he does not actually know that it exists.

17

If you find that the defendant was aware of a high probability that a fact was so, and that the defendant acted with deliberate disregard of the facts, you may find that the defendant acted knowingly.  However, if you find that the defendant actually believed the fact was not so, then he may not have acted knowingly with respect to whatever charge you are considering.

> Adapted from the charge of Hon. Harold Baer, Jr., in United States v. Lopez, 97 Cr. 1191 (HB) (S.D.N.Y. 1998), and 1 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 3A.01, Inst. 3A-2.  "A conscious avoidance charge is appropriate when the defendant claims a lack of knowledge of the relevant acts, but the surrounding circumstances would permit a reasonable juror to conclude that the defendant should have known about them."  United States v. Brito, 907 F.2d 392, 396 (2d Cir. 1990).  See United States v. Eltayib, 88 F.3d 157 (2d Cir. 1996) (conscious avoidance may support finding with respect to defendant's knowledge of the objectives or goals of a conspiracy); United States v. Rodriguez, 983 F.2d 455 (2d Cir. 1993) ("[T]he charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt.").

18

**Request No. 9**

**Count One: Narcotics Conspiracy**
**Overt Acts**

Count One of the Indictment contains a section entitled "overt acts." You will have a copy of the Indictment with you while you deliberate. Although the Indictment lists an overt act, the Government need not prove that the defendant or any co-conspirators committed any overt act. As I have told you, to prove a conspiracy, the Government need only prove the unlawful agreement, and the defendant's knowing participation in the conspiracy.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), and the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000). See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975), cert. denied, 425 U.S. 970 (1976).

**Request No. 10**

**Count One: Narcotics Conspiracy**
**Time of Conspiracy**

The Indictment charges that the conspiracy charged in Count One existed from on or about August 14, 2007 through and including on or about August 16, 2007.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date, as long as there is a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.  What constitutes "substantial similarity" is up to you.

Adapted from the charges of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003), the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000) and the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991).

**Request No. 11**

**Count One:**
**Special Interrogatory on Drug Quantity**

If you conclude that the Government has met its burden of establishing the guilt of the defendant beyond a reasonable doubt with respect to Count One of the Indictment, you will need to make a finding regarding what quantity of cocaine the conspiracy involved.

You will not need to determine the precise quantity of cocaine involved in the conspiracy.  Instead, you will only need to determine whether the conspiracy involved at least five kilograms of cocaine, or at least 500 grams of cocaine.

In making this determination, you should include whatever quantity of cocaine was involved in any act or acts in which the defendant personally and directly participated.  If you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction.

In making your determination about quantity, however, you should also include any other quantity of cocaine the conspiracy involved so long as that quantity was known to the defendant or reasonably foreseeable to them, and within the scope of the criminal activity that he jointly undertook.  With respect to these determinations, you will receive a verdict form with spaces for you to indicate your answers to these questions.

Your job is not to determine the precise quantity of drugs involved in the offenses.  Rather, you need only determine where this case falls within the possible ranges of drug weight discussed above.   Your determinations regarding drug weight must be unanimous and must be reached beyond a reasonable doubt.

21

Adapted from the charge of Judge Mukasey in <u>United States v. Moyhernandez</u>, 97 Cr. 197 (S.D.N.Y. 2000) (MBM).

In <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362-63 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

**Request No. 12**

**Venue**

In addition to the elements I have described for you, you must decide whether any act in furtherance of the conspiracy occurred within the Southern District of New York. I instruct you that Manhattan and the Bronx are in the Southern District of New York. It is sufficient to find venue in the Southern District of New York if you find that any act in furtherance of the conspiracy took place in this District. You need not find that the defendant committed an act in this District. An act in furtherance of the conspiracy by any co-conspirator in this District is enough for you to find that there is venue here.

I should note that on this issue -- and this alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the conspiracy occurred in this District.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge in the Indictment.

Adapted from the charge of the Hon. Charles S. Haight, Jr., in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991), and from Sand et al., Modern Federal Jury Instructions, Instr. 3-11.

See 18 U.S.C. § 3237 (general venue provision for offenses beginning in one district and ending in another, including mail fraud). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (venue is governed by preponderance standard), cert. denied, 502 S. Ct. 1014 (1991).

23

**Request No. 13**

**Stipulations of Fact**

In this case you have heard evidence in the form of stipulations that contained facts that were agreed by the parties to be true. You must accept the facts contained in those stipulations to be true.

Adapted from the charge of Judge Pierre N. Leval in <u>United</u> <u>States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), <u>aff'd</u>, 21 F.3d 1228 (2d Cir. 1994), and from Sand, <u>et</u> <u>al</u>., <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 5-6 & 5-7 (1998).

**Request No. 14**

**Stipulations Of Testimony**
**[If Applicable]**

A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect and weight to be given that testimony.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions, Criminal</u>, Instr. 5-7 (1996).

**Request No. 15**

**Expert Testimony**
**[If Applicable]**

You have heard testimony from what we call an expert witness.  An expert witness is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge.  Such a witness is permitted to give his or her opinions as to relevant matters in which he or she professes to be an expert and to give the reasons for his or her opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case, and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you may disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on his or her testimony.

Adapted from the charge of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Hon. Michael B. Mukasey in United States v. Mensah, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

26

**Request No. 16**

**Particular Investigative Techniques Not Required**
**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement that the Government prove its case through any particular means.  While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from the charge of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

27

**Request No. 17**

**Use Of Evidence Obtained Pursuant To Search**
**[If Applicable]**

You have heard testimony about evidence seized during a search.  Evidence obtained from the search was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations because I now instruct you that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Judge Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

28

**Request No. 18**

**Use of Confidential Informants and Cooperating Witnesses**

There has been testimony before you with respect to the use of a confidential informant and a cooperating witness. Confidential informants and cooperating witnesses are frequently used by the Government for a variety of purposes, including obtaining leads and gaining introduction to persons suspected of violating the law. There are certain types of crimes that would be extremely difficult to detect without the use of informants. Because this law enforcement technique is entirely lawful, your personal view on its use -- whether you approve or disapprove -- is beside the point and must not affect your evaluation of the evidence in this case.

Let me put it another way. If you are satisfied beyond a reasonable doubt that the defendant committed the offenses charged in the Indictment, you should find him guilty even though you believe that his apprehension came about in some measure by the Government's use of an informant or a cooperating witness.

Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and from Sand, Modern Federal Jury Instructions, Instr. 5-23.

**Request No. 19**

**Use Of Recordings And Transcripts**

You have before you recorded conversations obtained in connection with the investigation leading to the defendant's arrest and indictment.  Whether you approve or disapprove of these recordings may not enter into your deliberations.  I instruct you that the recordings were made in a lawful manner, that no one's rights were violated, and that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

The Government has handed out typed documents containing an interpretation of what is heard on the recordings which have been received as evidence.  You know from witnesses, and from listening to the recordings themselves, that the conversations were mostly in Spanish.  For that reason, it was necessary for the Government to obtain translations of those conversations into English.  The transcripts of those portions of the conversations embody the testimony of a Spanish interpreter whose testimony was set forth in a stipulation between the parties.  As such, those portions of the transcripts reflecting Spanish-to-English translation have been admitted into evidence.  To the extent that you accept or reject the testimony of that interpreter, you may accept or reject the transcript itself.

> Adapted from 1 Leonard B. Sand et al., Modern Federal Jury Instructions ¶ 5.04, Instr. 5-9, 5-10, and the charge of Judge Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).  See United States v. Ulerio, 859 F.2d 1144, 1145 (2d Cir. 1988) (not abuse of discretion to admit foreign language transcripts in evidence); United States v. Vasquez, 605 F.2d 1269, 1272 & n.4 (2d Cir. 1979) (proper to play Spanish language tapes and to provide

30

translated transcripts to jury, with cautionary instruction that jury is ultimate factfinder); <u>United States</u> v. <u>Llinas</u>, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts embody testimony of interpreter; proper to provide transcripts to jury because interpreter available to testify to accuracy).

**Request No. 20**

**Acts and Statements of Co-Conspirators**

You will recall that I have admitted at this trial evidence of the statements of an individual named Gilbert Cespedes because he is a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime. As in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant. This is so even if such acts were committed or such statements were made in the defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or

32

statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charge of the Honorable Michael B. Mukasey in <u>United States </u>v. <u>Salam,</u> S1 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**Request No. 21**

**Persons Not On Trial Or Not Indicted**

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons other than the defendant were not named as defendants in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

In this regard, I remind you that there is no requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose identities are not known, as long as the Government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

Adapted from Judge Werker's charge in United States v. Barnes et al., S 77 Cr. 190 (Nov. 29, 1977), aff'd, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980).

Adapted from Judge Pollack's charge in United States v. Bynum, 71 Cr. 1169 (S.D.N.Y. 1971), and from Sand, et al., Modern Jury Instructions, Instr. 3-4.

Adapted from the charge of Judge Leisure in <u>United States</u> v. <u>Parra and Ortega</u>, S1 02 Cr. 348 (PKL) (S.D.N.Y. 2004).

**Request No. 22**

**Law Enforcement Witnesses**

You have heard testimony of law enforcement officials.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25.

36

**Request No. 23**

**Limiting Instruction – Similar Act Evidence
[If Applicable]**

You will recall that some evidence offered by the Government was received for a limited purpose. For example, the Government has offered evidence tending to show that on a different occasion the defendant engaged in conduct similar to the charges in the Indictment. In that connection, let me remind you that the defendant is not on trial for committing this act not alleged in the Indictment. Accordingly, you may not consider this evidence of a similar act as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the other, similar acts was admitted for the much more limited purposes of showing intent, knowledge, motive, and absence of mistake, and you may consider it only for those limited purposes.

If you determine that the defendant committed the acts charged in the Indictment and the similar act, then you may draw an inference from the evidence of the similar act that the defendant had a motive to commit the acts charged in the Indictment, and that the defendant acted knowingly, intentionally and not because of some mistake or other innocent reason.

However, this evidence of a similar act may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other act, he must also have committed the acts charged in the Indictment.

Adapted from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (JFK) (S.D.N.Y. 1991) and from Sand, et al., Modern Federal Jury Instructions, Instr. 5-25; see also United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting

instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**Request No. 24**

**Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in <u>United</u> <u>States</u> v. <u>Abdul Latif Abdul</u> <u>Salam</u>, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

**Request No. 25**

**Uncalled Witness -- Equally Available to Both Sides**
**[If Applicable]**

Both the Government and the defendant have the same power to subpoena

witnesses to testify on their behalf.  If a potential witness could have been called by the

Government or by the defendant and neither called the witness, then you may draw the

conclusion that the testimony of the absent witness might have been unfavorable to the

Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all

from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose

testimony would be merely cumulative of testimony already in evidence, or who would merely

provide additional testimony to facts already in evidence.

Adapted from the charge of Judge Kenneth Conboy in United States v. Lew, 91
Cr. 361 (KC) (S.D.N.Y. 1991) and from L. Sand, Modern Federal Jury
Instructions, Instr. 6-7.  See generally United States v. Ebb, 543 F.2d 438, 444 (2d
Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981
(1976).

"[W]hen a witness is equally available to both sides, 'the failure to produce is
open to an inference against both parties.'  No instruction is necessary where the
unpresented testimony would be merely cumulative." United States v. Torres, 845
F.2d 1165, 1169 (2d Cir. 1988) (citations omitted) (emphasis in original); see also
United States v. Nichols, 912 F.2d 598, 601 (2d Cir. 1990) (whether to give
charge is committed to discretion of trial judge; generally discussing applicable
standards).

**Request No. 26**

**Defendant's Testimony**
**[Requested Only If Defendant Testifies]**

The defendant has taken the witness stand.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Gaines, slip. op. No. 04-5616-cr (2d Cir. July 20, 2006), at 18.

**Request No. 27**

**Defendant's Right Not To Testify**

**[If Applicable]**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury Instructions, Instr. 5-2

**Request No. 28**

**Consciousness Of Guilt -- False Exculpatory Statements**

You have heard testimony that a defendant made certain statements in the past in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which he exonerated or exculpated himself are false.

False exculpatory statements are circumstantial evidence of a defendant's consciousness of guilt and have independent probative value. If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to draw the conclusion that the defendant believed that he was guilty. You may not, however, draw the conclusion on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 6-11. See United States v. Gaviria, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force . . . .") (quoting United States v. Johnson, 513 F.2d 819, 824 (2d Cir. 1975)).

43

**Request No. 29**

**Sympathy: Oath As Jurors**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.

You are to determine the guilt or innocence of the defendant solely on the basis of the evidence

and subject to the law as I have charged you.


Adapted from 1 Sand <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 2-12 and from the charge of the Honorable Irving Kaufman in <u>United</u> <u>States</u> v. <u>Davis</u>, <u>aff'd</u>, 353 F.2d 614 (2d Cir. 1965), <u>cert</u>. <u>denied</u>, 384 U.S. 953 (1966).

44

**Request No. 30**

**Punishment Not to be Considered by the Jury**

Under your oath as jurors, you cannot allow a consideration of possible

punishment that may be imposed upon the defendant, if convicted, to influence you in any way

or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine

alone.  Your function is to weigh the evidence and to determine whether the defendant is or is

not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in

any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in <u>United States</u>
v. <u>Drucker</u> (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in <u>United
States</u> v. <u>Bruswitz</u>, <u>aff'd</u>, 219 F.2d 59, 62-63 (2d Cir.), <u>cert</u>. <u>denied</u>, 349 U.S. 913
(1955); and the Honorable Harold L. Tyler in <u>United States</u> v. <u>Natelli</u>, 74 Cr. 43
(S.D.N.Y. 1974), Tr. 2379-80, <u>aff'd</u>, 527 F.2d 311 (2d Cir.), <u>cert</u>. <u>denied</u>, 425 U.S.
934

**Conclusion**

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charge of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

46

Adapted from the charge of the Honorable Arnold Bauman in <u>United States</u> v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also United States</u> v. <u>Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:          New York, New York
                July 22, 2008


                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York


                         By: <u>/s/ JESSICA A. MASELLA</u>
                              JESSICA A. MASELLA
                              NICHOLAS S. GOLDIN
                              Assistant United States Attorneys
                              (212) 637-2288/2334

47

**<u>Affirmation of Service</u>**

JESSICA A. MASELLA, pursuant to Title 28, United States Code, Section 1746,

hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York.

That, on July 22, 2008, I caused one copy of the within Government's Proposed

Requests to Charge to be served by ECF and Federal Express overnight delivery to:

Howard L. Jacobs, Esq.
401 Broadway
Suite 1902
New York, New York 10013

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Dated: New York, New York
       July 22, 2008


                                            /s/ JESSICA A. MASELLA
                                            Jessica A. Masella

48